IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| GENNARO RAUSO, | : | CIVIL ACTION NO. 05-0025 |
| | : | |
| Appellant. | : | |
| | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                                               September 19, 2005

        Gennaro Rauso ("Appellant") appeals the Bankruptcy Court's Memorandum Sur Orders of October 8, 2004 and October 19, 2004 (Bankruptcy Docket No. 3) and the Bankruptcy Court's December 1, 2004 Order (Bankruptcy Docket No. 18). Presently before the Court is Appellant's Brief (Docket No. 4). No brief was filed by any other party. For the reasons set forth below, Appellant's appeal is granted.

## I. FACTUAL AND PROCEDURAL HISTORY

        The Bankruptcy Court's October 8, 2004 Order concerns the bankruptcy cases of Jessie Darden,[1] Leto Wilson[2] and Norma Keith.[3] As the bankruptcy petitions in the cases all listed Appellant's address, the Bankruptcy Court scheduled a status hearing to determine if the cases were filed in good faith because of Appellant's history of filing bankruptcy petitions.[4] Although the Bankruptcy Court notified Jessie Darden, Leto Wilson and Norma Keith of the

---

1. Bankruptcy Docket No. 04-32908SR

2. Bankruptcy Docket No. 04-32066SR

3. Bankruptcy Docket No. 04-32064SR

4. According to the Bankruptcy Court, Appellant had filed at least fifteen bankruptcy petitions before filing the bankruptcy petitions of Jessie Darden, Leto Wilson and Norma Keith.

October 8, 2004 hearing, the three petitioners failed to appear. Their absence raised the Bankruptcy Court's suspicion that Appellant was "1) acting as a bankruptcy petition preparer but failing to comply with the requirements of the Bankruptcy Code with respect thereto; 2) engaged in the unauthorized practice of law, or 3), worse yet, engaged in a pattern and practice of bankruptcy fraud . . . ." (Certificate of Appeal, Ex. 7 at 1-2.)[5] Pursuant to the Bankruptcy Court's Order of October 8, 2004, the Clerk of the Bankruptcy Court was directed not to accept bankruptcy petitions involving Appellant or Appellant's address, and Appellant was ordered to appear before the Bankruptcy Court on October 29, 2004 "to address the foregoing issues." (Id. at 2-3.)

On October 13, 2004, Appellant appeared at the Bankruptcy Court Clerk's Office and attempted to file six additional bankruptcy petitions, which the Bankruptcy Court Clerk's Office refused to file based on the Bankruptcy Court's October 8, 2004 Order. According to the Bankruptcy Court, Appellant apparently was unaware of the Bankruptcy Court's October 8, 2004 Order when he attempted to file the petitions. After the Bankruptcy Court Clerk's Office refused to file the petitions, Appellant proceeded to place the six petitions in the U.S. District Court night filing box. When the six bankruptcy petitions were forwarded to the Bankruptcy Court Clerk's Office by the U.S. District Court on October 14, 2004, the Bankruptcy Court Clerk's Office did not file the petitions; instead they were referred to the Bankruptcy Court. The Bankruptcy Court successfully contacted four of the petitioners and notified them that Appellant could not file on their behalf. The Bankruptcy Court was alerted that the petitions were of an emergency nature so

---

5. Appellant's Certificate of Appeal is Docket No. 1.

the Bankruptcy Court decided to hold an impromptu hearing on October 15, 2004. The petitioners contacted were encouraged to attend.

Separate from the six petitions filed by Appellant, late in the afternoon October 14, 2004, three separate emergency motions were filed in unrelated bankruptcy cases, seeking relief from an automatic stay or case dismissal. These cases also involved Appellant and allegedly concerned the fraudulent conveyance of title. On October 15, 2004, the movants were granted relief.

As written above, on October 14, 2004, the Bankruptcy Court scheduled an impromptu hearing regarding the six petitions for the morning of October 15, 2004 (the "Hearing"). The original purpose of the Hearing was apparently to determine whether to file the petitions as Appellant could not file them on behalf of the petitioners. According to the Bankruptcy Court, the six petitioners attended the Hearing. The Bankruptcy Court took sworn testimony from the petitioners. Both the Bankruptcy Court and a representative of the U.S. Trustee's Office participated in the questioning.

Appellant did attend the Hearing even though the Bankruptcy Court failed to notify him of the Hearing. According to the Bankruptcy Court, Appellant was notified of the existence of the Hearing by one of the petitioners. During the Hearing, the Bankruptcy Court did not allow Appellant to question the witnesses. The Bankruptcy Court called U.S. Marshals during the Hearing to prevent Appellant from doing so. Later in the Hearing, the Bankruptcy Court made Appellant leave the courtroom during the testimony of one of the witnesses. The Bankruptcy Court and the representative of the U.S. Trustee's Office questioned Appellant

during the Hearing.  At one point during the Hearing, the Bankruptcy Court commented that the Hearing was an "ad hoc proceeding." (Certificate of Appeal, Ex. 8 at 78.)

In its October 19, 2004 Order, the Bankruptcy Court wrote that based on the Hearing, it had determined that Appellant had "1) acted as a bankruptcy petition preparer within the meaning of 11 U.S.C. § 110, but failed to comply with the requirements thereof; 2) engaged in the unauthorized practice of law; 3) demonstrably engaged in other fraudulent, unfair and deceptive conduct . . . ." (Certificate of Appeal, Ex. 2 at 1.)  Based on these determinations, the Bankruptcy Court permanently enjoined Appellant from acting as a bankruptcy petition preparer and engaging in unauthorized practice of law.  The Bankruptcy Court also fined Appellant $2,500.00 for five violations of § 110.

In response to the Memorandum Sur Orders of October 8, 2004 and October 19, 2004, Appellant filed his Motion for Judgment Notwithstanding the Verdict, Alternatively, to Alter, Amend or Vacate, Alternatively, for a New Hearing and or Movant's Objections to the October 19, 2004 Memorandum.  The Bankruptcy Court held an oral argument on Appellant's Motion, which Appellant and a representative of the U.S. Trustee's office attended.  In his argument, Appellant objected to the lack of notice provided to him as to the subject of the Hearing, with Appellant noting that the Bankruptcy Court had already scheduled a hearing for October 29, 2004 to address Appellant's alleged violations of § 110.  The Bankruptcy Court denied this Motion in its December 1, 2004 Order, finding two of Appellant's requests inapplicable and denying the other requests because it had committed no error.  In its December 1, 2004 Order, the Bankruptcy Court explained its authority to enjoin and sanction Appellant was derived from 11 U.S.C. § 105(a) of the Bankruptcy Code.

Appellant appeals the Bankruptcy Court's Memorandum Sur Orders of October 8, 2004 and October 19, 2004 and Bankruptcy Court's Order of December 1, 2004.  Appellant states the issues as follows:

> 1. Whether this case should be remanded to the Bankruptcy Court with instructions that it address the issues presented to it in Appellant's motion to alter, amend or vacate in order that [the Bankruptcy] Court provides the Appellant a full review of his claims?
> 2. Whether the [Bankruptcy] Court violated Appellant's Fifth Amendment constitutional right to notice thereby rendering the [Bankruptcy] Court's October 19, 2004 Memorandum void?
> 3. Whether the Bankruptcy Court deprived the Appellant of his Fifth Amendment constitutional right to a fundamentally fair tribunal and . . . a fair hearing?
> 4. Whether the Bankruptcy Court erred as a matter of law in implicitly finding that the Appellant was a bankruptcy petition preparer?
> 5. Whether the Bankruptcy Court lacks subject matter jurisdiction to enjoin him from "continuing his scheme"?

(Certificate of Appeal, Ex. 4 at 2.)

**II.  STANDARD**

This Court has jurisdiction over appeals from final judgments, orders and decrees from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).  28 U.S.C.A. § 158 (West 1995 & Supp. 2005).  The Court reviews the Bankruptcy Court's "legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof."  In re Trans World Airlines, Inc., 145 F.3d 124, 131 (3d Cir. 1998)(citation omitted).  Whether due process was given in any particular instance is a mixed question of law and fact that is reviewed *de novo*.  In re Bankruptcy Petition Preparers Who Are Not Certified Pursuant to Requirements of Arizona Supreme Court, 307 B.R. 134, 140 (B.A..P. 9th Cir. 2004))(citing In re Graves, 279 B.R. 266, 270 (B.A.P. 9th Cir. 2002)).

Appellant pursues this appeal *pro se*. The Court will liberally construe Appellant's brief and apply the applicable law regardless of whether Appellant specifically mentions it. Johnson v. Ogershok, 134 Fed. Appx. 535, 537 n. 4 (3d Cir. 2005)(citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002)).

## III.  DISCUSSION

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Memphis Light, Gas and Water Div. v. Craft, 436 U.S. 1, 11 (1978)(quoting Mullane v. Cent. Hanover Trust Co., 339 U.S. 306, 314 (1950)). "The notice must be of such nature as reasonably to convey the required information . . . , and it must afford a reasonable time for those interested to make their appearance . . . ." Mullane, 339 U.S. at 314 (internal citations omitted).

In the instant case, Appellant received no notice from the Bankruptcy Court that the Hearing would concern Appellant's alleged violations of § 110 and could result in not only monetary penalties but also a permanent injunction preventing him from filing bankruptcy petitions. In its Memorandum Sur Orders of October 8, 2004 and October 19, 2004, the Bankruptcy Court implicitly recognized its failure to notify Appellant – writing that one of the petitioners contacted Appellant about the Hearing, which resulted in the Appellant's attendance. (Certificate of Appeal, Ex. 2, Memorandum at 7.) In penalizing and enjoining under § 110, a bankruptcy court must provide due process. See In re Graves, 279 B.R. at 275-76. In the instant case, it appears that Appellant was not notified of the subject of the Hearing and the existence of

the Hearing by the Bankruptcy Court.[6] Under the circumstances, the orders should be vacated and remanded to the Bankruptcy Court.

**IV. CONCLUSION**

Appellant's appeal is granted. An appropriate order follows.

---

6. There are also questions as to the original purpose of the Hearing, timing of the Hearing and treatment of Appellant during the Hearing. First, in reading the transcript, the Court believes the original purpose of the Hearing was not to determine Appellant's alleged violations. Instead, the transcript reveals that the purpose of the hearing was to determine if the six petitioners wanted to file their petitions. Second, it is questionable whether the last minute nature of the Hearing, which was scheduled on October 14, 2004 and held on October 15, 2004, afforded Appellant enough time to prepare for a hearing of such magnitude. Third, the notes reflect that during the Hearing, the Bankruptcy Court prevented Appellant from questioning witnesses and attending portions of the Hearing. It is not clear whether Appellant's behavior was such as to warrant his removal from the Hearing. Obdurate behavior could warrant removal if it continued despite warnings from the court.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| GENNARO RAUSO, | : | CIVIL ACTION NO. 05-0025 |
| | : | |
| Appellant. | : | |
| | : | |

### ORDER

AND NOW, this 19th day of September, 2005, upon consideration of Appellant's appeal of the Bankruptcy Court's Memorandum Sur Orders of October 8, 2004 and October 19, 2004 (Bankruptcy Docket No. 3) and the Bankruptcy Court's December 1, 2004 Order (Bankruptcy Docket No. 18), it is hereby **ORDERED** that said orders are **VACATED** and this case is **REMANDED** to the Bankruptcy Court for such proceedings as may be appropriate consistent with this opinion.

BY THE COURT:

_____
RONALD L. BUCKWALTER, S.J.